DECISION
This matter is before the Court for decision after a jury-waived proceeding. The Plaintiffs initiated the within complaint when the Defendant allegedly trespassed on their land by bringing upon it excavating equipment in an attempt to carve out a right-of-way. The Plaintiffs seek to enjoin the latter activity and have the Court issue a judgment declaring the Defendant's lack of entitlement to the purported easement. The Court, over Plaintiffs' objection, has allowed the Defendant to amend her answer to include a claim of adverse possession to the area in controversy ("Meadow Lot"). The Court also permitted the Plaintiff to renew a motion for partial summary judgment which was denied without prejudice, due to an insufficient record, in the matter of Carol Ann Manchester[1] and Leonard W. Manchester v. SamuelCory, NC-1984-0320 ("Cory Case").
Plaintiffs' pertinent chain of title in the instant case commences with a deed (Ex. 33) from Samuel Cory, Jr. (the Defendant in the Cory Case) and Brendan Cory, from Brendan Cory to Ameriquest Mortgage Co. (Ex. 34) to Deutsche Bank National Trust Co. by assignment of the mortgage (Ex. 35) and from Deutsche Bank, by foreclosure deed (Ex. 36) to the Plaintiffs. The parcel of land presently owned by the Plaintiffs is identical to the parcel owned by Cory at the *Page 2 
time the Cory Case was adjudicated. In the Cory Case the hearing justice identified the controversy before him as an "action in equity to permanently enjoin Defendant, Samuel Cory, Jr. from obstructing their use of `The Factory Privilege,' a way in the town of Tiverton, State of Rhode Island, in which the Plaintiffs allege they have an easement for travel from Eagleville Road to a parcel known as the Meadow Lot which they allege to own." (Ex. X.) The Court determined that because the Cory Plaintiffs were claiming an easement appurtenant in "The Factory Privilege" their burden was to demonstrate, by clear and convincing evidence, ownership of the land adjoining the right-of-way. The Cory Court ultimately concluded, based on the credible testimony of an expert, James P. Amarantes, that the Cory Plaintiffs were not deeded and did not own the Meadow Lot. The issue of adverse possession of said lot was not a component of the Cory case.
Mr. Amarantes, a registered land surveyor of 31 years experience testified consistently in the instant action that after an exhaustive review of numerous (36) pertinent deeds, he "found no evidence that Defendant (Silva) owns the Meadow Lot." Moreover, Mr. Amarantes explained that the land owned by the Defendant (specifically to the east of the so-called Sucker Brook) as depicted on Exhibits 37 and 38 is not even in proximity to the purported right-of-way.
The Court must initially address the Plaintiffs' renewed motion for partial summary judgment with regard to the applicability of the doctrines of res judicata and/or collateral estoppel to the disputed right-of-way. A justice of this Court, hearing the original motion for summary judgment, was unable to fairly address these issues due to the "confused" and "incomplete" record with which he was presented.
The subsequent presentation to this Court of additional testimony and exhibits has now expanded the record significantly to determine the pertinence of the aforementioned doctrines. *Page 3 
The credible and comprehensive testimony of Mr. Amarantes clearly establishes that the Defendant was never conveyed record title to the Meadow Lot. In painstaking detail (here summarized by the Court) Mr. Amarantes recounted the relevant conveyances as follows: Ethel T. Record, Carlton D. and Sarah Robinson to William H. and Julia E. McBride (1/4 acre in the second parcel) on January 24, 1922 (Ex. 16); the McBrides (1/4 acre in the second parcel) to Alonzo Sawyer on November 21, 1927 (Ex. 17); Mr. Sawyer to William D'Arcy O'Brien (1/4 acre) on October 3, 1928 (Ex. 18); Mr. O'Brien's heirs Emily M. O'Brien, Julia Blakely, and Mary Catherine O'Brien to John T. Powers and Carol Ann Silva Powers (1/4 acre in Parcel II) on July 7, 1977 (Ex. 25); and John T. Powers to Carol Ann Silva Powers (1/4 acre in Parcel II) on February 1, 1980. Startlingly, the next deed (Ex. 29) issuing from the Defendant to herself and her husband Leonard Manchester, purports to convey — what has in all predecessor deeds been described as 1/4 acre — a one-and-a-half acre tract. However, the boundary description of the tract is identical to that contained in the two preceding deeds, viz., as bounded "northerly, easterly and southerly by land now or formerly of the Watuppa Reservoir Company; and westerly by land now or formerly of Joshua T. Durfee." (Exs. 25, 26.) As one cannot convey what one does not own, the purported grant of a one-and-a-half acre tract is completely infirm. The credible evidence overwhelmingly establishes that the Defendant is not and cannot be the record title owner of the Meadow Lot.[2]
This ruling renders the Defendant's claim of adverse possession futile in the context of this proceeding. The Court could not have known prior to the reception and evaluation of evidence whether this amended cause of action could be sustained in this forum. As the *Page 4 
Plaintiffs have noted, none of the requirements per G.L. § 34-16-1et seq. regarding notice and procedure have been satisfied; nor have the rightful owners of Meadow Lot been advised of the Defendant's claim to the land. (Pl.'s Mem. at 11.) The Court declines to rule, however, as urged by the Plaintiffs that the Defendant is forever barred by res judicata for pursuing her adverse possession claim. The Cory Court specifically stated that no such claim was presented to it, and, thus, issued no ruling.
This Court cannot entertain any hearing on the merits of an adverse possession claim until and unless it is satisfied that full compliance with the mandates of G.L. § 34-16-1 et seq. has been achieved. This includes valid and complete service upon all parties defendant — known or unknown — so as to give this Court "fully effectual" jurisdiction over such parties "for the purposes of adjudicating, determining, and/or forever barring their interest and those of all other representing or in privity with them notwithstanding the legal disabilities of those persons." Section 34-16-13.
This Court, after evaluating all of the relevant, credible evidence, concludes that the Plaintiffs are entitled to the injunctive relief they seek, i.e., restraining the Defendant from trespassing[3] upon their land. As to Plaintiffs' request for declaratory judgment, the Court rules that no easement burdening the Plaintiffs' land has been established or proven.
Counsel for the Plaintiffs shall prepare all order conforming to this decision.
[1] Carol Ann Manchester is now known as Carol Ann Silva, the Defendant in the present complaint.
[2] Since the Court is making an independent ruling based upon an expanded evidentiary record in tandem with testimony from witnesses whose credibility has been assessed, the Rule 56 and res judicata issues are moot.
[3] There is no evidence whatsoever contained in the record that the Defendant, Carol Ann Silva, acted at any time with malice or with a deliberate intent to trespass. In the Court's estimation she genuinely believed and still believes that land in controversy was conveyed to her when she "got the farm." (Def.'s test.)